Wᴇꜱᴛᴇʀɴ Aꜱꜱᴜʀᴀɴᴄᴇ Cᴏᴍᴘᴀɴʏ *v.* Lᴀʀᴋ ᴇᴛ ᴀʟ.
(292 Pac. 602)

Decided October 20, 1930.

Mr. S. M. Tʀᴜᴇ, for plaintiff in error.

Mr. S. D. Brosius, for defendants in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

W. S. Lark and Milo B. Lark, called herein the plaintiffs, sued the Western Assurance Company, called herein the Assurance Company, on two insurance policies issued by that company. The Newton Lumber and Manufacturing Company, called herein the Lumber Company, was made a defendant because it had an interest in the proceeds, and W. E. McClung was made a defendant because, it is alleged, although named in the policies as the insured, he was entitled to the proceeds merely as trustee for the plaintiffs and the Lumber Company.

The court rendered judgment for $792.40 against the Assurance Company and in favor of McClung, as trustee, for the use and benefit of the Lumber Company to the extent of $328.39, and for the use and benefit of the plaintiffs to the extent of $464.01. The Assurance Company is here complaining of the judgment only so far as it is in favor of the plaintiffs.

This is purely a "fact case." If the evidence was sufficient to support the finding in favor of the plaintiffs, we cannot reverse the judgment.

There was evidence tending to show the following facts:

The plaintiffs erected a building on leased land, purchasing the lumber from the Lumber Company. There being a balance due on the lumber bill, and the Lumber Company desiring security, an arrangement was made whereby the plaintiffs gave to McClung a bill of sale of the building, McClung agreeing to retransfer the building to them upon payment of the balance due the Lumber Company. The insurance policies already issued by the Assurance Company to the plaintiffs were to be assigned to McClung, who was to act as trustee for the

134

use and benefit of the plaintiffs and the Lumber Company. In case of loss, McClung was to pay to the Lumber Company, out of the insurance money, the balance due it on the lumber bill, and pay the remainder to the plaintiffs. The arrangement was explained to the agent of the Assurance Company, and he assented thereto, whereupon the policies were duly assigned to McClung. Thereafter, pursuant to the same arrangement, the Assurance Company issued and delivered to McClung the two new policies upon which this suit is based. By arrangement with the agent of the Assurance Company, the Lumber Company paid the premiums upon the assigned policies and upon the new policies, charging to the plaintiffs, upon its books, the amounts so paid. After the fire, the loss was "adjusted" and McClung was paid the amount found by the Assurance Company to be due from the plaintiffs to the Lumber Company, which, of course, included the amounts charged to the plaintiffs for the insurance premiums paid by the Lumber Company pursuant to the arrangement previously made with the Assurance Company. The amount so paid was $162.20. The parties, however, eliminated all question concerning amounts by stipulating in the trial court that the amount owing by the plaintiffs to the Lumber Company was $328.39, and that the amounts specified in the judgment are correct.

As McClung had no personal interest in the destroyed property or in the insurance money, and the Assurance Company knew that he had no such interest, the payment must have been made to him only as trustee and in pursuance of the trust agreement. The money so paid never was received by the plaintiffs, but presumably was paid by McClung to the Lumber Company. The fact that such payment was made corroborates the plaintiffs' testimony that at the time of the assignment of the old policies, and at the time of the issuance of the two policies in suit, the Assurance Company knew of and assented to the trust agreement. Having known of and assented to that agreement when the policies were issued, the Assurance Com-

pany did not discharge its full obligation under the policies by paying to McClung the amount claimed to be due the Lumber Company, for, as we have seen, McClung was trustee, not only for that company, but also for the plaintiffs.

■ The evidence was sufficient to support the finding and the judgment. The fact that witnesses for the Assurance Company contradicted some of the testimony favorable to the plaintiffs goes only to the weight of the evidence, the determination of which was exclusively within the province of the trial court.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE BURKE concur.